The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 6, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: February 6, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MAXIMUS III PROPERTIES, LLC, | ) | Case No. 17-41723 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| RICHARD G. ZELLERS, | ) | |
| Plaintiff. | ) | Adversary Proceeding |
| | ) | No. 18-4016 |
| v. | ) | |
| | ) | |
| SERGIO DIPAOLO, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the plaintiff-trustee's motion for summary judgment. At issue is whether the sum of $130,000 is property of the debtor's estate pursuant to Section 541 of the Bankruptcy Code and whether the

---

[1] This Opinion is not intended for official publication.

defendant, Sergio DiPaolo, is required to turnover the property to the trustee pursuant to Section 542. For the reasons that follow, the Court holds that the trustee has not established that the sum of $130,000 is property of the estate and subject to turnover by Mr. DiPaolo under Section 542. Accordingly, the trustee's motion for summary judgment is denied to the extent that it is based on turnover of property under Section 542. However, the Court is inclined to grant summary judgment on the independent ground of conversion.

FACTUAL AND PROCEDURAL HISTORY

Unless otherwise indicated, the following facts are undisputed. On September 7, 2017, the debtor, Maximus III Properties, LLC, filed a voluntary petition under Chapter 11 of the Bankruptcy Code (Case No. 17-41723). On October 2, 2017, the case was converted to Chapter 7, and Richard G. Zellers was appointed as trustee. During the time that each of the following transactions took place, the debtor did not have any bank accounts in its name.

*I. $75,000 Auto-Park-It, LLC Lease*

On September 22, 2015, Sergio DiPaolo, the defendant in this adversary proceeding and the sole member of the debtor, entered into a lease agreement with Auto-Park-It, LLC on behalf of the debtor. The debtor agreed to lease land located

at 408 Dana Street, Warren, Ohio in exchange for $75,000, a sum that would be credited to a later purchase price.

Although the $75,000 was paid, the parties do not dispute that the debtor was never in possession of the $75,000 proceeds of the contract. Exhibit 2 of the trustee's complaint indicates that on September 22, 2015, the $75,000 sum was wired to the law firm of Fortney & Klingshirn, who served as Mr. DiPaolo's legal counsel. Mr. DiPaolo asserts that he transferred only $35,000 to Fortney & Klingshirn for legal representation, but does not account for the remaining $40,000.

## II. *$50,000 Lease Extension*

On February 19, 2016, the debtor entered into an amended purchase agreement with Dorian Capital Investments, LLC at the same time as its related entity, Auto-Park-It, entered into a lease extension in exchange for $50,000. On February 22, 2016, Dorian Capital Investments transferred $50,000 to National Contractors, Inc., an account controlled by Mr. DiPaolo's brother. Mr. DiPaolo's brother subsequently transferred the sum of $50,000 to Mr. DiPaolo personally. Mr. DiPaolo alleges that he then used the funds to pay various legal fees.

3

*III. $5,000 Check*

On August 11, 2017, the law firm Mansour Gavin, L.P.A. issued a check for $5,000 to the debtor. Mr. DiPaolo endorsed this check, which was deposited at Fifth Third Bank on August 14, 2017.

*IV. Current Adversary Proceeding*

On May 16, 2018, the trustee commenced this adversary proceeding against Mr. DiPaolo, seeking an order for turnover of $130,000, which consists of the $75,000 lease proceeds, the $50,000 lease extension proceeds, and the $5,000 check. On June 19, 2018, the trustee filed a motion for default judgment. On August 1, 2018, the Court held a status conference and gave Mr. DiPaolo until August 28, 2018, to file an answer. On August 28, 2018, Mr. DiPaolo filed an answer. On September 5, 2018, the Court issued a scheduling order setting the deadline to file any dispositive motions for December 19, 2018. On September 19, 2018, Mr. DiPaolo filed an amended answer. On December 5, 2018, the trustee filed a motion for summary judgment. Mr. DiPaolo did not file a response.

## JURISDICTION

The Court has jurisdiction over turnover and conversion actions. An action seeking turnover of property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Conversion is a core proceeding under 28 U.S.C. § 157(b)(2)(E),

(H), and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order Number 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

Neither party to this adversary proceeding filed a statement indicating whether the party does or does not consent to entry of final orders or judgment by the bankruptcy court as to all claims in this adversary proceeding as required under Bankruptcy Rules 7008 and 7012(b). Accordingly, unless a party files a notice by **February 25, 2019**, indicating that the party does not consent, the Court will presume that such party's inaction constitutes consent to entry of final orders or judgment by the bankruptcy court.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh

the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If a motion for summary judgment is unopposed, the Court can still determine that the moving party is not entitled to summary judgment on the grounds stated. "Where a party fails to respond to a motion for summary judgment, . . . the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion." *Smith v. Downey (In re Downey)*, No. 18-3040, 2018 WL 6060344, at *2 (Bankr. N.D. Ohio Nov. 19, 2018) (citing *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992)). Additionally, Rule 56(f) empowers a court to issue a judgment independent of the motions filed. Subdivision (f) of Rule 56 provides:

> After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

6

DISCUSSION

A. Turnover

The trustee is only entitled to an order directing turnover of property for property that is part of the debtor's bankruptcy estate. *Lawrence v. Commonwealth of Ky. Transp. Cabinet (In re Shelbyville Rd. Shoppes, LLC)*, 775 F.3d 789, 793 (6th Cir. 2015) ("[F]undamental to the concept of 'Turnover' is that the asset to be turned over must be property of the debtor's bankruptcy estate.") (quoting *French v. Johnson (In re Coomer)*, 375 B.R. 800, 803–04 (Bankr. N.D. Ohio 2007)). Section 541 of the Bankruptcy Code defines "property of the estate" as "all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case," subject to a few, specifically enumerated exceptions. 11 U.S.C. § 541. The Sixth Circuit has held that "the scope of section 541(a)(1) is broad, includes tangible and intangible property, and allows the bankruptcy 'trustee to retain possession of property in which the debtor had equitable as well as legal title.' " *Demczyk v. Mutual Life Ins. Co. (In re Graham Square)*, 126 F.3d 823, 831 (6th Cir. 1997) (quoting *United States v. Whiting Pools*, 462 U.S. 198, 204 (1983)).

In this case, the trustee seeks an order directing turnover of the sum of $130,000 pursuant to Section 542(a) of the Bankruptcy Code. Section 542(a) provides in pertinent part:

7

> (a) an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). The plain language of Section 542(a) is clear that subject to a few, specifically enumerated exceptions, a party holding valuable property of the debtor's bankruptcy estate that is not exempt under Section 522 must surrender the property to the trustee. *See In re Osterwalder*, 407 B.R. 291, 294 (Bankr. N.D. Ohio 2008) (citing *Whiting Pools, Inc.*, 462 U.S. at 202–03); *In re Coomer*, 375 B.R. at 803. However, recovery under Section 542 "is limited to assets that are undisputedly property of the estate." *Liquidating Tr. of the Amcast Unsecured Creditor Liquidating Trust v. Baker (In re Amcast Indus. Corp.)*, 365 B.R. 91, 122 (Bankr. S.D. Ohio 2007) (citing *Stanziale v. Pepper Hamilton LLP (In re Student Fin. Corp.)*, 335 B.R. 539, 554 (D. Del. 2005). "Clearly, Congress envisioned the turnover provision of § 542 . . . to apply to tangible property and money due to the debtor without dispute which are fully matured and payable on demand." *In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990); *accord Spradlin v. Khouri (In re Bruner)*, 561 B.R. 397, 405 (B.A.P. 6th Cir. 2017). Therefore, to succeed in a turnover action under Section 542, "a plaintiff must allege that transfer of the

8

property has already been avoided or that the property is otherwise the undisputed property of the bankruptcy estate." *Stanziale*, 335 B.R. at 554.

In this case, the trustee has not demonstrated that the sum of $130,000 is property of the estate. The transfers of the $75,000 lease proceeds, the $50,000 lease extension proceeds, and the $5,000 check occurred prior to the filing of the debtor's bankruptcy petition on September 7, 2017. The $75,000 proceeds were transferred to Fortney & Klingshirn on September 22, 2015; the $50,000 proceeds were transferred to Mr. DiPaolo's brother on February 22, 2016, before being transferred to Mr. DiPaolo personally; and Mr. DiPaolo endorsed and deposited the check from Mansour Gavin in a bank account not belonging to the debtor on August 14, 2017. Thus, the proceeds were not in the debtor's "possession, custody, or control" at the time the case was filed. Nor is it clear from the record that Mr. DiPaolo had "possession, custody, or control, during the case, of [such property]," as required under Section 542(a). While the trustee could seek to bring the property back into the estate through some other cause of action, such as a fraudulent transfer or conversion action, the trustee has not sought summary judgment on such a theory. Accordingly, the trustee has failed to show that the sum of $130,000 was property of the estate when the case was commenced and is not entitled to summary judgment on the turnover action.

9

B. Conversion

The Court now considers the issue of conversion. Although the trustee did not move for summary judgment on the basis of conversion, the Court may grant summary judgment on grounds not raised by a party. Subdivision (f) of Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides:

> After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Given the allegations in the trustee's motion for summary judgment, Mr. DiPaolo's admissions, and the exhibits offered in the trustee's complaint, the Court is inclined to grant summary judgment in favor of the trustee on the basis of conversion.

Conversion is the "wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St. 2d 224, 226, 351 N.E. 2d 454 (1976), *rev'd on other grounds*, 433 U.S. 562 (1977). Conversion must be proven by a preponderance of the evidence. *See Columbus Barr Ass'n v. Teaford*, 6 Ohio St. 2d 253, 254, 217 N.E. 2d 872, 873

10

(1966).  For the Court to find in favor of the trustee on the basis of conversion, the facts must indicate "(1) plaintiff's ownership or right to possession of the property at the time of the conversion, (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights, and (3) damages." *Young v. City of Sandusky*, No. 3:03CV7490, 2005 WL 1491219, at *10 (N.D. Ohio June 23, 2005). "Where conversion is premised on the unlawful retention of property, the plaintiff must establish that (1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner." *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 699 (Bankr. S.D. Ohio 2012).

Traditionally, conversion extended only to tangible chattels, but the concept has been applied to intangible rights in Ohio.  *See Zacchini*, 47 Ohio St. 2d at 226–27, 351 N.E. 2d 454.  "[W]hile it is the general rule in Ohio that money is intangible property that cannot be subject to conversion, there is an exception when specifically identified monies are at issue." *Gascho*, 863 F. Supp. 2d at 700.  A claim for money will succeed "if the funds are specifically identified, are held in trust, or are withheld by a person owing a fiduciary duty to the plaintiff." *Ortega v. Wells Fargo Bank, N.A.*, No. 3:11CV01734, 2012 WL 275055, at *12

11

(N.D. Ohio Jan. 31, 2012) (quoting *Dawes v. BAC Home Loans Servicing Corp.*, No. 1:10-cv-02637, 2011 WL 2559410, at *9 (N.D. Ohio Apr. 27, 2011)). Thus, the finding of conversion of cash will not be successful "unless identification is possible and there is an obligation to deliver the specific money in question." *NPF IV v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996). When there is only a relationship of a debtor and creditor, and not an obligation to return identical money, the conversion action will fail. *ATD Corp v. DaimlerChrysler Corp.*, 261 F. Supp. 2d 887, 898 (E.D. Mich. 2003) (quoting *Haul Transp. v. Morgan*, No. CA14859, 1995 Ohio App. LEXIS 2240, at *9 (Ohio App. 2d Dist. June 2, 1995)). In this case, specifically identified monies are at issue, as the $75,000 lease proceeds, the $50,000 lease extension proceeds, and the $5,000 check were all earmarked for the debtor.

The allegations in the trustee's motion for summary judgment, Mr. DiPaolo's admissions, and the exhibits offered in the trustee's complaint establish the elements of conversion by a preponderance of the evidence. First, the debtor had property rights to the sum of $130,000, as these funds belonged to the debtor pursuant to contracts entered into on behalf of the debtor for $75,000 and $50,000 and pursuant to a check negotiated to the debtor for $5,000. Second, Mr. DiPaolo committed a wrongful act when he allowed the transfers of these sums to

12

third parties instead of the debtor. Mr. DiPaolo admitted that the debtor never had a bank account in its name when each of these transfers were made and has not provided any indication that these transfers were for authorized purposes in the best interest of the debtor. Thus, Mr. DiPaolo wrongfully relinquished the debtor's property rights to these proceeds. Third, the issue of damages is clear, as these transfers reduced the amount of assets in the bankruptcy estate by $130,000.

CONCLUSION

For the reasons stated above, the Court denies the trustee's motion for summary judgment to the extent that it is based on turnover of property under Section 542. However, the Court is inclined to grant summary judgment on the independent ground of conversion pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56(f)(2). Pursuant to the requirement of Rule 56(f) that the parties receive notice and a reasonable time to respond, the Court gives the parties until **February 25, 2019**, to file any response. If neither party responds, the Court will grant summary judgment in favor of the trustee in the amount of $130,000 on the independent ground of conversion. If either party responds, the Court will consider the response(s) and take the matter under advisement.

IT IS SO ORDERED.

13