The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 3, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: October 3, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MAXIMUS III PROPERTIES, LLC, | ) | Case No. 17-41723 |
|   Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| RICHARD G. ZELLERS, | ) | |
|   Plaintiff. | ) | Adversary Proceeding |
| | ) | No. 18-4016 |
| v. | ) | |
| | ) | |
| SERGIO DIPAOLO, | ) | |
|   Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion of Sergio DiPaolo ("the defendant") for relief from an order granting summary judgment against him in the amount of $130,000. The defendant asserts that relief from judgment is

---

[1] This Opinion is not intended for official publication.

warranted under Bankruptcy Rules 7055 and 9024 and Civil Rules 55, 60(b)(1), and 60(b)(6). As explained more fully below, the default provisions of Bankruptcy Rule 7055 and Civil Rule 55 do not apply to an order granting summary judgment, but the Court will grant relief from judgment under Bankruptcy Rule 9024 and Civil Rule 60(b)(1).

FACTUAL AND PROCEDURAL HISTORY

On September 7, 2017, the debtor, Maximus III Properties, LLC, filed a voluntary petition under Chapter 11 of the Bankruptcy Code (Case No. 17-41723). On October 2, 2017, the case was converted to Chapter 7, and Richard G. Zellers was appointed as trustee.

On May 16, 2018, the trustee commenced this adversary proceeding against the defendant, the sole member of the debtor, seeking an order for turnover of $130,000 (Adv. No. 18-4016). The trustee asserts that the defendant took $75,000 intended for the debtor in September 2015, $50,000 intended for the debtor in February 2016, and $5,000 intended for the debtor in August 2017.

On June 19, 2018, the trustee filed a motion for default judgment. On August 1, 2018, the Court held a status conference. The trustee and the defendant both appeared at the status conference. The Court granted the defendant leave

2

until August 28, 2018, to file an answer. On August 28, 2018, the defendant filed an answer.

On September 5, 2018, the Court held another status conference. The trustee and the defendant both appeared. The Court explained that the answer did not comply with Bankruptcy Rule 7008, which incorporates Civil Rule 8, and gave the defendant until September 19, 2018, to file an amended answer. During the status conference, the defendant acknowledged that he needed quality representation and indicated that he was consulting with a law firm out of Columbus. The Court cautioned the defendant that if he chose to represent himself, he would have to follow the rules or suffer the consequences if he failed to do so. The defendant filed an amended answer on September 19, 2018.

On December 5, 2019, the trustee filed a motion for summary judgment. Under the Court's scheduling order, a brief in opposition was due 21 days later—December 26, 2018. The defendant never responded to the motion for summary judgment. Nor did the defendant ask for additional time to respond because he still needed to find an attorney or for any other reason.

On February 6, 2019, the Court issued a memorandum of opinion and order denying the trustee's motion for summary judgment to the extent that it was based on turnover of property of the estate under Section 542 of the Bankruptcy Code.

However, the Court indicated that it was inclined to grant summary judgment on the independent ground of conversion pursuant to Bankruptcy Rule 7056 and Civil Rule 56(f)(2). Under Rule 56(f)(2), the Court may grant summary judgment on grounds not raised by a party "[a]fter giving notice and a reasonable time to respond." The Court gave the parties until February 25, 2019 to file any response, and indicated: "If neither party responds, the Court will grant summary judgment in favor of the trustee in the amount of $130,000 on the independent ground of conversion." And because neither party filed a statement indicating whether the party does or does not consent to entry of final orders or judgment by the bankruptcy court as required under Bankruptcy Rules 7008 and 7012(b), the Court added: "unless a party files a notice by February 25, 2019, indicating that the party does not consent, the Court will presume that such party's inaction constitutes consent to entry of final orders or judgment by the bankruptcy court."

Neither party filed a timely response to the Court's February 26, 2019, order. On February 22, 2019, the defendant did file a motion for extension of time, asking for an additional 30 days or until March 27, 2019, to file a response, indicating that he sought to retain an attorney to represent him.

On February 22, 2019, the Court issued an order giving the defendant additional time to respond:

4

> The Court notes that the defendant has had ample time to retain an attorney since this adversary proceeding was filed in May of 2018. Nevertheless, the Court will give the defendant until March 4, 2019, to either (1) file a response to the Court's memorandum of opinion and order dated February 6, 2019, or (2) have an attorney enter an appearance on his behalf. If an attorney timely enters an appearance on the defendant's behalf, the Court will give the attorney until March 25, 2019, to respond to the Court's memorandum of opinion and order dated February 6, 2019.

The defendant did not file a response or have an attorney enter an appearance on his behalf by March 4, 2019. Accordingly, on March 5, 2019, the Court granted summary judgment in favor of the trustee and against the defendant in the amount of $130,000 for the reasons stated in the memorandum of opinion and order dated February 6, 2019. The defendant did not file a timely appeal, and the adversary proceeding was closed.

On May 15, 2019, the defendant, through an attorney, filed a motion to reopen the adversary proceeding and for relief from judgment under Bankruptcy Rules 7055 and 9024 and Civil Rules 60(b)(1) and 60(b)(6). On June 7, 2019, the trustee filed a brief in opposition. On June 7, 2019, the Court issued an order scheduling oral argument on the motion for relief from judgment for June 19, 2019, and indicated that a motion to reopen the adversary proceeding was unnecessary. By agreement, oral argument was rescheduled for July 31, 2019.

On July 31, 2019, the Court heard oral argument on behalf of the defendant and the trustee. The Court encouraged the parties to engage in settlement discussions consistent with the trustee's duty to collect and reduce to money the property of the estate and close the estate as expeditiously as is compatible with the best interests of parties in interest. *See* 11 U.S.C. 704(a)(1). The Court indicated that it would defer any ruling for 30 days. At the defendant's request, the Court extended that period until September 19, 2019. The Court held a telephonic status conference on September 27, 2019, during which the parties' attorneys indicated that there was no settlement and that there was no reason for the Court to defer its ruling any longer.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the defendant's motion for relief from judgment. An action seeking turnover of property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Conversion is a core proceeding under 28 U.S.C. § 157(b)(2)(E), (H), and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order Number 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

# DISCUSSION

Federal Rule of Civil Procedure 55, made applicable by Bankruptcy Rule 7055, provides in pertinent part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> **(b) Entering a Default Judgment.**
>> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>>> **(A)** conduct an accounting;
>>> **(B)** determine the amount of damages;
>>> **(C)** establish the truth of any allegation by evidence; or
>>> **(D)** investigate any other matter.
> **(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).
> * * * *

To the extent that the defendant argues for relief under Bankruptcy Rule 7055 and Civil Rule 55, that argument is without merit. The Court has not entered a default judgment in this case. Nor has the Court deemed as admitted any of the well-pleaded allegations by virtue of any failure of the defendant to answer the allegations in the complaint. Rather the Court has accepted the defendant's amended answer as timely responding to the trustee's complaint. Indeed, even though the defendant failed to respond to the trustee's motion for summary judgment, the Court did not grant summary judgment just because it was unopposed. Rather, the Court independently reviewed the record, determined that summary judgment was likely appropriate on a different ground, and gave the defendant an opportunity to respond. Therefore, Bankruptcy Rule 7055 and Civil Rule 55 are inapplicable.

Federal Rule of Civil Procedure 60, made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, provides in pertinent part:

> **(b) Ground for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> \* \* \* \*
> (6) any other reason that justifies relief.

The defendant seeks relief from judgment under subdivisions (1) and (6) of Rule 60(b).  Subdivision (6) of Rule 60(b) "applies only in exceptional and extraordinary circumstances which are not addressed by the first five numbered subsections of Rule 60(b)."  *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001); *see Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("These provisions are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6).").  The defendant has moved for relief from judgment under subdivision 60(b)(1) and has not asserted any exceptional or extraordinary circumstances.  Therefore, the Court will not evaluate whether relief is warranted under subdivision 60(b)(6).

Relief under Rule 60(b)(1) requires a showing of "mistake, inadvertence, surprise, or excusable neglect" within one year of the judgment.  Rule 60(b)(1) is intended to provide relief in only two circumstances:

> (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)); *see In re Downey*,

9

No. 18-62284, 2019 WL 1559869, at *1 (Bankr. N.D. Ohio Apr. 10, 2019). Courts have broad discretion when deciding a Rule 60(b) motion. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). However, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509.

When the Court ruled on the trustee's motion for summary judgment, the Court denied the motion on the grounds that the trustee raised because the money was not in the debtor LLC's possession when the bankruptcy case was filed on September 7, 2017 (Adv. No. 18-4016, Docket No. 23). Nevertheless, the Court construed the complaint as making out a claim for conversion. The Court first gave the parties notice of the independent ground of conversion in the Court's memorandum of opinion dated February 6, 2019. The Court gave the defendant a limited amount of time to respond to this new, independent ground for summary judgment.

Whether the Court should grant the defendant's motion for relief from judgment is a close call. Although the defendant is not raising new defenses, he does seek to offer evidence to support the statements he made in his answer and asserts that he did not have the benefit of counsel. Rule 60(b) is not intended to allow a defendant a second chance to offer proof. *Tyler*, 749 F.3d at 509. In

10

addition, the defendant's failure to obtain counsel in the time the Court provided weighs in favor of the Court not granting the defendant's requested relief.

On the other hand, the record at the time the Court granted summary judgment was basically limited to the trustee's complaint and the defendant's amended answer. In the amended answer, the defendant admitted that there was no bank account for the LLC, which was the primary basis for the Court's finding of conversion. The amended answer, however, disputed at least in part the trustee's assertion that the money was not used for the benefit of the LLC. The defendant asserted in his answer that (1) "$10,000.00 was paid to Attorney Michael Partlow for legal fees towards this case," (2) "15,000.00 was paid to Hahn Loeser & Parks LLP for legal fees towards this case," and (3) $21,000 was used to buy a 2000 Corvette that was later sold by the trustee. These assertions demonstrate that it is possible some of the money used by the defendant was for the benefit of the debtor despite the debtor not having a bank account in its name. Because the trustee's motion for summary judgment included no affidavits or other evidence to dispute these denials, the Court erred in determining that there was no factual dispute regarding the defendant's conversion of the entire $130,000, at least when construing the evidence in a light most favorable to the defendant.

11

Taking in the totality of the circumstances, particularly the short notice provided for the alternative ground of conversion and the limited record before the Court, the Court falls on the side of granting the defendant's requested relief. Under these circumstances, relief from judgment is appropriate. The trustee can once again present his theories for relief, and the defendant can present his defenses to those theories. While the Court believes it is unlikely that the defendant will be able to demonstrate all $130,000 was used for the benefit of the LLC, the Court acted prematurely when it held that the trustee was entitled to summary judgment in the amount of $130,000, based solely on the complaint and the amended answer.

CONCLUSION

For the reasons stated above, the defendant's motion for relief from judgment is granted, and the judgment dated March 5, 2019 (Docket No. 30) is vacated. By separate order, the Court will schedule a status conference to determine how best to resolve the claims in this adversary proceeding.

IT IS SO ORDERED.